IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **JUDITH MORRIS WRIGHT,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**UNIVERSITY OF KANSAS HOSPITAL** )<br>**AUTHORITY, et al.,** )<br>)<br>**Defendants.** ) | Case No. 18-CV-02295-JWL-GLR |

### MEMORANDUM IN SUPPORT OF DEFENDANT
### THE UNIVERSITY OF KANSAS PHYSICIANS'
### MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

This action for alleged violations of the Age Discrimination in Employment Act ("ADEA") is brought by Judith Morris Wright, naming three Defendants: (1) University of Kansas Hospital Authority; (2) The University of Kansas Physicians; and (3) The University of Kansas Health System. This Court does not have jurisdiction over Defendant The University of Kansas Physicians (hereinafter "UKP") because Plaintiff has failed to exhaust her administrative remedies as required by the ADEA. Dismissal of all claims against UKP, pursuant to Fed. R. Civ. P. 12(b)(1) is, therefore, appropriate.

### STATEMENT OF FACTS

1. Plaintiff's Complaint asserts "causes of action for employment discrimination and retaliation under the [ADEA], U.S.C. § 621 *et seq.*". (Complaint, Doc. 1, p. 2).

2. Plaintiff alleges her Charge of Discrimination is attached as Exhibit A to her Complaint. (Complaint, Doc. 1, ¶ 26 and Exhibit A).

3. The Charge identifies the following "Employer" who she contends discriminated against her: "The University of Kansas Health System, and/or University of Kansas Hospital

Authority, and/or The University of Kansas Medical Center, Kansas University Physicians, Inc. and/or KU Medical Center, collectively referred to as UKHS." (Complaint, Doc. 1, Exhibit A).

4. The legal entity "The University of Kansas Physicians" named as a Defendant in this lawsuit is not identified in the Charge. (Complaint, Doc 1, p. 1 and Exhibit A).

## **ARGUMENT**

There is a presumption against jurisdiction because federal courts are courts of limited jurisdiction. *Marcus v. Kansas Dep't of Revenue,* 170 F.3d 1305, 1309 (10th Cir. 1999). It is Plaintiff's burden to show that jurisdiction is proper and that the claim should not be dismissed. *Jensen v. Johnson County Your Baseball League,* 838 F.Supp. 1437, 1439-40 (D. Kan. 1993). Conclusory allegations of jurisdiction are not enough. *Id.* The ADEA authorizes suit only against a respondent named in a charge of discrimination. 29 U.S.C. §626(e). UKP was not named in Plaintiff's Charge which preceded this suit. Therefore, this Court lacks subject matter jurisdiction over UKP.

### A. **The Charge Filing Requirement is a Jurisdictional Pre-Requisite to Suit.**

The ADEA, 29 U.S.C. § 621 *et seq.*, mandates that no suit may be filed by an individual plaintiff "until . . . after a charge alleging unlawful discrimination has been filed with the Equal Employment Opportunity Commission." 29 U.S.C. § 626(d)(1). Following the administrative proceedings which are initiated by the charge,

> A civil action may be brought under this Section . . . . against the respondent named in the charge . . . .

29 U.S.C. §626(e) (*emphasis supplied*). The filing of a charge is a jurisdictional pre-requisite to the institution of a lawsuit under the ADEA. *Shikles v. Sprint/United Management Co.*, 426 F.3d 1304, 1318 (10th Cir. 2005). *See also, Romero v. Union Pacific Railroad*, 615 F.2d 1303, 1311 (10th Cir. 1980) (addressing the parallel charge-filing procedure under Title VII); *Robles v.*

*Amarr Garage Doors*, No. 11-2707-JAR, 2012 U.S. Dist. LEXIS 85106, at *13 (D. Kan. June 20, 2012) (applying *Romero* to dismiss plaintiff's claim for lack of subject matter jurisdiction). Simply put, unless a plaintiff has satisfied the charge-filing requirements with respect to a defendant, there is no cause of action available under the ADEA and the court in which a putative claim is filed has no subject matter jurisdiction over that claim. *Shikles, supra; Seymore v. Shawver & Sons, Inc.*, 111 F.3d 794, 799 (10th Cir. 1997 (if EEOC charge filing process not satisfied, court lacks subject matter jurisdiction to entertain claims and Rule 12(b)(1) motion to dismiss is procedurally proper).

### B. No Grounds Exist for Ignoring the Charge-Filing Requirement.

In certain circumstances, courts have recognized that the failure to name a party as a respondent in an EEOC charge does not automatically mandate dismissal of a subsequent lawsuit against that party. (*See Romero, id*. at 1311-1312). However, none of those circumstances exist here. There is no reason to allow Plaintiff to escape the charge-filing obligations in this case.

The Tenth Circuit has stated that suit may proceed against a party not named in a Charge when the defendant was referred to informally in the body of the Charge or "there is clear identity of interest between the unnamed defendant and the party named in the administrative charge" sufficient to satisfy the purposes of the filing requirement (that the party have notice of the charge and the EEOC have an opportunity to conciliate). *Romero* at 1311.

In this case, there is no mention of UKP in the body of Plaintiff's Charge. (*See* Complaint, Doc. 1, Exhibit A). Likewise UKP was not aware of the Charge. (Affidavit of Jennifer Preston, Exhibit 1 hereto, at ¶ 7). Thus, Plaintiff cannot satisfy that exception.

Plaintiff likewise cannot satisfy the "clear identify of interest" exception. Four factors have been identified as "pertinent to the evaluation" of this question. *Romero,* at 1311. An

analysis of these four factors shows that there is no basis for allowing this suit to proceed against UKP:

> (1) "Whether the role of the unnamed party could through reasonable effort by the complainant be ascertained at the time of the filing of the EEOC complaint." (*Romero* at 1312).

UKP is not aware of what information caused Plaintiff to decide that she should name UKP as a Defendant in this case after not naming UKP as a respondent in the Charge. Because there has been no discovery in this matter, whatever information about UKP's "role" that caused Plaintiff to include UKP as a Defendant in this action must have come from her own investigation. There is no reason to believe that whatever this information was, it was not available through reasonable effort at the time Plaintiff's Charge was filed or during the seven (7) months the Charge was being processed by the EEOC. Thus there is no reason to excuse Plaintiff from her obligation of naming UKP as a respondent in the Charge before naming UKP as a Defendant in this suit.

In fact, UKP had no "role" in this matter. Plaintiff's Complaint arises out of a single, discrete event – the alleged termination of Plaintiff's employment in June 2017. (Complaint, Doc. 1, ¶¶ 14, 23-24). UKP had nothing to do with this situation because it did not employ Plaintiff and did not terminate her employment. (Exhibit 1, ¶ 4–6). Plaintiff, instead, was employed by the Hospital Authority at the time of her termination. (*See* Complaint, Doc. 1, ¶ 1; Answer of Defendant University of Kansas Hospital Authority, Doc. 10, ¶¶ 1, 4, 7–10.)

> (2) "Whether, under the circumstances, the interests of a named [party] are so similar as the unnamed party's that for the purpose of obtaining voluntary conciliation and compliance it would be unnecessary to include the unnamed party in the EEOC proceedings". (*Romero* at 1312).

This factor is likewise unavailing to Plaintiff. On the one hand, it admittedly would have been unnecessary to include UKP in the EEOC proceedings in order to obtain "voluntary

-4-

conciliation and compliance." This, however, is <u>not</u> because of any similarity of interest between UKP and the Hospital Authority. UKP was not critical to obtaining voluntary conciliation or compliance because Plaintiff was employed by the Hospital Authority. Conciliation in a discharge case might involve, among other things, reinstatement of the Plaintiff. However, UKP cannot, by EEOC conciliation or in any other way, reinstate an individual to a Hospital Authority position. (Exhibit 1, ¶ 5).

The interests of UKP and Hospital Authority are not similar here because, quite simply, UKP has no interest in this situation involving a Hospital Authority employee. This complete lack of similarity of interest with UKP undercuts any argument that the charge-filing requirement should be excused.

> (3) "Whether its absence from the EEOC proceedings result in actual prejudice to the interests of the unnamed party." (*Romero* at 1312).

UKP's absence from the EEOC proceeding has caused it harm. Had UKP been named a party to the Charge, it could have availed itself of the opportunity to advise Plaintiff of the fact that there was no involvement by UKP and thus no basis for including UKP in the proceeding. This could have been done in a relatively economical administrative forum. However, since Plaintiff has waited until now to raise this issue, UKP is forced to engage in the more expensive process of formally responding to this lawsuit.

> (4) "Whether the unnamed party has in some way represented to the complainant that its relationship with the complainant is to be through the named party." (*Romero* at 1312).

UKP is not aware of any such communication with or representation to Plaintiff. UKP had no "relationship" of any kind with Plaintiff. Thus this factor does not assist Plaintiff.

The apparent, but unstated, assumption in the four *Romero* factors is that the unnamed party had a "role" or an "interest" in the employment decisions at issue. Where, as here, there is

no such involvement, it is even more important for the Court to enforce the charge-filing requirement of the ADEA. There is no reason why Plaintiff could not have named UKP as a Respondent in her Charge. If she had, the role (or lack thereof) of UKP could have been explained, and both UKP, and the Court, would have saved the time and expense of dealing with this issue in the context of litigation.

This is not a case where a plaintiff is at risk of losing a right to recovery over a pleading technicality. Plaintiff has named in her Charge of Discrimination and her Complaint, the Hospital Authority, her employer in 2017. Dismissing UKP will not affect in any way Plaintiff's claim against the Hospital Authority. That claim will continue. Dismissing UKP will, however, prevent unnecessary multiplication of these proceedings and the inherent time and expense for the parties and the Court associated therewith.

## **CONCLUSION**

In short, none of the four factors identified in *Romero*, or any other considerations, support in any way the idea that the charge-filing requirement should be ignored in this case. There is no subject matter jurisdiction over an ADEA claim against UKP, and UKP's Motion to Dismiss should be granted.

Respectfully submitted:

LATHROP GAGE LLP

By: */s/ Tammy M. Somogye*
    Tammy M. Somogye – KS Bar #18210
    10851 Mastin Boulevard, Suite 1000
    Overland Park, Kansas  66210
    Tel:  (913) 451-5100
    Fax:   (913) 451-0875
    Email:  tsomogye@lathropgage.com

        Brian N. Woolley – D. Kan. Bar #70007
        2345 Grand Boulevard, Suite 2200
        Kansas City, Missouri  64108
        Tel:  (816) 292-2000
        Fax:   (816) 292-2001
        Email:  bwoolley@lathropgage.com

        ATTORNEYS FOR DEFENDANT THE
        UNIVERSITY OF KANSAS PHYSICIANS

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 12th day of July, 2018, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system which will send a notice of electronic filing to the following counsel of record:

Rik N. Siro
Eric W. Smith
Athena M. Dickson
Raymond A. Dake
Ryan P. McEnaney
1621 Baltimore Avenue
Kansas City, Missouri  64108
rsiro@sirosmithdickson.com
esmith@sirosmithdickson.com
adickson@sirosmithdickson.com
rdake@sirosmithdickson.com
rmcenaney@sirosmithdickson.com

*Attorneys for Plaintiff Judith Morris Wright*

Eric E. Packel
Henry J. Thomas
900 W. 48th Place, Suite 900
Kansas City, Missouri  64112
epackel@polsinelli.com
hthomas@polsinelli.com

*Attorneys for Defendant University of Kansas Hospital Authority*

        */s/ Tammy M. Somogye*
        Attorney for Defendant
        The University of Kansas Physicians