IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JUDITH MORRIS WRIGHT,      )
         )
       Plaintiff,     )
         )
v.         )     Case No. 18-CV-02295-JAR-KGG
         )
UNIVERSITY OF KANSAS      )
HOSPITAL AUTHORITY, ET AL.,    )
         )
       Defendants.   )

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT
THE UNIVERSITY OF KANSAS PHYSICIANS' MOTION TO
DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**

Plaintiff Judith Morris Wright hereby submits the following memorandum in opposition to Defendant The University of Kansas Physicians' Motion to Dismiss For Lack Of Subject Matter Jurisdiction:

## I.  NATURE OF THE MATTER

Plaintiff filed this action for age discrimination under the Age Discrimination in Employment Act ("ADEA") against Defendants University of Kansas Hospital Authority, The University of Kansas Physicians ("UKP"), and The University of Kansas Health System. Defendant UKP has moved for dismissal under FED. R. CIV. P. 12(b)(1) alleging that Plaintiff failed to exhaust administrative remedies as to UKP.  Plaintiff has alleged facts outlining a sufficient identity of interest between all named Defendants such that UKP is properly included as a defendant in this case and UKP's Motion to Dismiss should be denied.  Alternatively, because this 12(b)(1) motion requires inquiry into facts outside the pleadings regarding whether UKP and the other two defendants share sufficient identity of interest such that exhaustion of

administrative remedies as to UKP was not required, Plaintiff is entitled to the procedural safeguards of FED. R. CIV. P. 56; therefore, limited discovery should be granted to determine the role of UKP in Plaintiff's employment.

## II.  STATEMENT OF FACTS

1. Plaintiff Judith Morris Wright filed a charge of discrimination with the EEOC on August 29, 2017.  (EEOC Charge, Exhibit A to Doc. 1, also attached hereto as **Exhibit A**).

2. In her EEOC Charge, Plaintiff named Kansas University Physicians, Inc., among others, including The University of Kansas Health System and the University of Kansas Hospital Authority.  (EEOC Charge, Exhibit A to Doc. 1).

3. Plaintiff was employed by University of Kansas Hospital Authority, University of Kansas Health Systems, and University of Kansas Physicians as joint employers.  (Complaint, Doc. 1, at ¶ 11).

4. Defendants operate collectively as a single integrated enterprise.  (Complaint, Doc. 1, at ¶ 12).

5. Defendants wrongfully forced Plaintiff into retirement on June 1, 2017.  (Complaint, Doc. 1, at ¶ 14).

6. Plaintiff timely filed this lawsuit for age discrimination and retaliation.  (Complaint, Doc. 1, at ¶¶ 29, 31, 42).

## III. QUESTION PRESENTED

1. **Should the Court Grant Defendant UKP's Motion to Dismiss for Lack of Subject Matter Jurisdiction Because Plaintiff Allegedly Did Not Exhaust Her Administrative Remedies as to UKP, Even Though Plaintiff Alleged UKP and the Other Named Defendants Are An Integrated Enterprise and/or Joint Employer, Which Did Not Require the Naming of UKP in Plaintiff's Charge of Discrimination or Further Exhaustion of Administrative Remedies?**

# IV. <u>ARGUMENT</u>

The ADEA requires a party to exhaust administrative remedies before bringing a suit in federal court.  29 U.S.C. § 626(e); *Mackley v. TW Telecom Holdings, Inc.*, 296 F.R.D. 655, 665 (D. Kan. 2014).  The ADEA prohibits a plaintiff from filing suit "until . . . after a charge alleging unlawful discrimination has been filed with the Equal Employment Opportunity Commission." 29 U.S.C. § 626(d)(1).  Although the ADEA authorizes suit only against a defendant named in a Charge of Discrimination, the Tenth Circuit has recognized exceptions when a defendant claims that a plaintiff failed to name it in the EEOC charge.  29 U.S.C. § 626(e); *Romero v. Union Pac. R.R.*, 615 F.2d 1303, 1311-12 (10th Cir. 1980).  For example, dismissal may not be warranted if the charge informally refers to the defendant or "there is clear identity of interest between the unnamed defendant and the party named in the administrative charge" such that the unnamed party has notice of the charge and the EEOC has an opportunity to conciliate.  *Romero*, 615 F.2d at 1311.  Here, Plaintiff has alleged, and there exists, a sufficiently clear identity of interest between all of the defendants named in this suit such that even if UKP was not properly named in the administrative charge, UKP was on notice of Plaintiff's charge and there is no resulting prejudice in naming UKP.  Moreover, to the extent Plaintiff transposed Defendant UKP's name and named the wrong entity in her Charge, Plaintiff could not have reasonably ascertained UKP's role at the time her charge was filed.  For these reasons, UKP's Motion to Dismiss should be denied.

**A. Plaintiff is Exempt From Exhausting Administrative Remedies as to UKP Because the Named Parties Share a Sufficient Identify of Interest and She Could Not Ascertain UKP's Role Through Reasonable Effort at the Time of Filing.**

Factors that a district court may consider to determine whether the omission of a defendant's name in the charge of discrimination is fatal to the claim include (but are not limited to):

> (1) whether the role of the unnamed party could through reasonable effort by the complainant be ascertained at the time of the filing of the EEOC complaint; (2) whether, under the circumstances, the interests of a named party are so similar as the unnamed party's that for the purpose of obtaining voluntary conciliation and compliance it would be unnecessary to include the unnamed party in the EEOC proceedings; (3) whether its absence from the EEOC proceedings resulted in actual prejudice to the interests of the unnamed party; (4) whether the unnamed party has in some way represented to the complainant that its relationship with the complainant is to be through the named party.

*Id.* at 1311-12.

1. **The named Defendants in Plaintiff's charge of discrimination and UKP's interests are so similar that for the purpose of obtaining voluntary conciliation and compliance it was unnecessary to include UKP in the EEOC proceedings individually.**

All of the named defendants, including UKP, comprise an integrated enterprise and/or jointly employed Plaintiff rendering administrative exhaustion as to each individual entity unnecessary. Notwithstanding the affidavit of Jennifer Preston, UKP's Director of Human Resources (Exhibit 1 to Defendant's Motion), UKP knew or should have known that it was included as a party in Plaintiff's charge. The purpose of filing a charge of discrimination with the EEOC is to provide notice to the charged parties and provide the EEOC with the opportunity to conciliate the claims. *Collins v. Wal-Mart, Inc.*, 245 F.R.D. 503, 511 (D. Kan. 2007). While a Plaintiff should name all potential defendants in her EEOC charge, failing to name a party does not require dismissal of the claim. *Id.* If plaintiff can establish an integrated enterprise or a joint employer relationship, then dismissal is not appropriate because the unnamed defendant should have had notice of the alleged violation. *Id.* at 511-12.

Here, all three entities named in the Complaint are part of an integrated enterprise, as alleged by Plaintiff.  The University of Kansas Hospital Authority ("Hospital Authority") is a political and corporate body created by statute.  K.S.A. § 76-3304(a).  Its purpose is to oversee and govern operations of the University of Kansas Health System ("KU Health System"). K.S.A. §§ 76-3302.  KU Health System operates a website at www.kansashealthsystem.com. This website provides information on the University of Kansas Physicians.  (*See* UKP Website Page, attached as **Exhibit B** ("We practice at The University of Kansas Hospital and in clinics throughout the region.").)  Furthermore, and importantly, that same page states: "As UKP and The University of Kansas Hospital enter their first year as *integrated partners* in The University of Kansas Health System, both look forward to the shared knowledge that will continue to improve patient care and outcomes."  (*Id.* (emphasis added).)  This plan to fully integrate was announced in 2013 (MedStaff News – March 2013, attached as **Exhibit C**, p. 1 ("[W]e are positioning ourselves for continued success . . . through a new vision for an integrated clinical enterprise . . . along with our trusted partners – The University of Kansas Physicians and the University of Kansas Medical Center . . . .".))   This  Newsletter also provides a convenient organizational chart to help visualize the entities' integrated relationships.  *Id.* at 2.  Another article outlining the integration plan provides: "The plan calls for the various clinics operating under the [UKP] to operate as one clinical enterprise called the University of Kansas Health System, which eventually would be a combined organization of UKP and KU Hospital." (Kansas City Business Journal article, attached as **Exhibit D**, p. 1.)  The article continues to state that "[a]ll physicians will be employed by a single physician organization . . . [f]inancially integrated with the hospital."  (*Id.* at 2.)  Moreover, The University of Kansas Hospital changed its name in 2017 to The University of Kansas Health System to represent "the hospital's

consolidation with the physicians and clinics of The University of Kansas Physicians." (KU Health System Advances News – 1/26/17, attached as **Exhibit E**, at 1).

Showing further integration, UKP's principal offices are located in the University of Kansas Hospital at 4000 Cambridge Street, Kansas City, KS, as are the offices of every one of UKP's officers and members of its governing body. (UKP 2017 Annual Report, attached as **Exhibit F**.) Additionally, UKP's president, Dr. Kirk Benson, is also a member of Kansas University Physicians, Inc.'s ("KUPI") governing body. (*See* UKP 2017 Annual Report, Ex. F; KUPI Annual Report, attached as **Exhibit G**.) Moreover, both UKP and KUPI share the same mailing address and principle office address within the University of Kansas Hospital. (*Id.*)

Furthermore, KU Health System's website's "Find a Doctor" tab allows patients to access information about and make appointments with each doctor listed on UKP's Annual Report. KU Health System and the University of Kansas Physicians share the same CEO, Bob Page. (*See* UKP 2017 Annual Report, Ex. F; Message from CEO, attached as **Exhibit H**.) Finally, Jennifer Preston, whose affidavit was filed as Defendant's Exhibit 1, lists on her LinkedIn profile[1] that she is the "Director, Human Resources, University of Kansas Physicians, University of Kansas Health System." (Preston LinkedIn Profile, attached as **Exhibit I**.) Ms. Preston attests in her affidavit that she "was not aware of any Charge of Discrimination filed by Judith Morris Wright until receiving service of the Complaint in this lawsuit." (Defendant's Exhibit 1, at ¶ 7.) The fact that University of Kansas Health System was named in Plaintiff's charge of discrimination and is listed as Ms. Preston's employer provides a strong inference that Ms. Preston should or could have known about Plaintiff's charge as the Director of Human Resources for both entities. Additionally, Ms. Preston's LinkedIn profile offers additional

---

[1] This information is readily accessible to the public, whether a LinkedIn member or not, by Googling "Jennifer Preston Kansas University Physicians." This profile is the first hit.

evidence of the parties' integrated enterprise.  Finally, as discussed above, the Hospital Authority admitted it employed Plaintiff in its Answer and also represented in the Position Statement that UKP employed her as well, evidencing an integrated enterprise and/or joint employer relationship.

All of the preceding evidence of the Defendants' integrated enterprise illustrates shared interests between the parties that for the purpose of obtaining voluntary conciliation and compliance renders UKP's name in the charge unnecessary.

**2.  UKP's absence in the charge did not result in any actual prejudice.**

Any failure to properly name UKP in Plaintiff's charge of discrimination did not result in any actual prejudice to UKP.  It stretches credulity to imagine that UKP as an entity was unaware of Plaintiff's charge of discrimination and was not otherwise fairly represented through the administrative charge process.  In fact, as outlined *supra*, the relationship between UKP, KU Health System, and the Hospital Authority leads to the realization that UKP is an integrated enterprise and/or was the joint employer of Plaintiff and Defendants were aware of, or should have been aware of, Plaintiff's charge.  Most telling, Defendants share a human resources department, including the Director, Jennifer Preston, and Defendant Hospital Authority, answering on all Defendants' behalf, specifically mentioned that UKP employed Plaintiff in its Position Statement during the administrative process.  Therefore, UKP is not prejudiced by its omission in Plaintiff's charge because it either was aware of the charge or it should have been aware of the Plaintiff's charge as the joint employer of Plaintiff or as an integrated enterprise with the other named Defendants.

### 3. The role of UKP in Plaintiff's employment could not be ascertained at the time of filing through reasonable effort.

Plaintiff named Kansas University Physicians, Inc. in her EEOC charge of discrimination. (EEOC Charge, Ex. A.)  That entity did not respond to Plaintiff's charge, nor was it mentioned in the Position Statement prepared by the Hospital Authority, which was apparently responding for all parties named in the charge. (*See* Position Statement, attached as **Exhibit J**.)  In the Position Statement, The Hospital Authority states that Plaintiff was at some point employed by the University of Kansas Physicians. (*Id.*, p.2 ("Wright began employment with *The University of Kansas Physicians* on August 31, 1998 as a salaried, part-time Registered Nurse Clinician in the Pediatrics Department.") (emphasis added).)  In the Affidavit of Jennifer Preston, she attests that "UKP does not employ any nurses of any kind or title." (Exhibit 1 to Defendant's Motion to Dismiss, at ¶ 4.)  Ms. Preston also states that Plaintiff was employed by the Hospital Authority. (*Id.* at ¶ 7.)  Moreover, the Hospital Authority admitted in its Answer that it employed Plaintiff and denied that "Plaintiff was employed by the other named defendants," contradicting its response in the Position Statement. (Hospital Authority Answer, Doc. 10, at ¶ 7.)  Now, both the Hospital Authority and UKP are disputing whether UKP employed Plaintiff; therefore, any further investigation by Plaintiff at the time of filing the EEOC charge would have yielded the exact same dispute without any further clarification to Plaintiff.

Defendant argues that it "is not aware of what information caused Plaintiff to decide that she should name UKP as a defendant" after not naming it in her Charge.  Plaintiff believed she named the correct entity in her Charge at the time of filing. (*See* Employee Evaluation, attached as **Exhibit K** (indicating that Plaintiff worked in the KUPI Pediatrics Rheumatology Department).)  Because Kansas University Physicians, Inc. did not respond, the Hospital

Authority's reference to "The University of Kansas Physicians" in the Position Statement led Plaintiff to reasonably believe that she merely transposed "University" and "Kansas" but had still named the correct entity.  Considering the myriad of name changes and organizational changes KU Health System had recently undergone, the Position Statement did not alert Plaintiff to her mistake.  For these reasons, Plaintiff did not amend her charge after receiving the Position Statement because she still had no reason to believe she did not name the correct entities.  If UKP and KUPI are in fact distinct, separate entities, Plaintiff respectfully requests that, in addition to being allowed to proceed against UKP in this action, she be granted leave to amend to add KUPI to her Complaint and be afforded the opportunity to conduct discovery to determine the true employment relationship among the various entities.

Because the named parties share a sufficient identify of interest, Plaintiff could not ascertain UKP's role through reasonable effort at the time of filing, and UKP is not prejudiced by its exclusion in the Charge, plaintiff is exempt from exhausting administrative remedies.

**B.  Plaintiff is Entitled to Discovery and the Procedural Protections of Fed. R. Civ. P. 56 Before Analyzing Whether UKP's Motion to Dismiss Can Be Granted.**

If this Court determines on the pleadings that the entities are not acting as an integrated enterprise, or did not jointly employ Plaintiff, scrutiny under Rule 12(b)(1) is not appropriate. *Dunn v. Tutera Grp.*, 181 F.R.D. 653, 656 (D. Kan. 1998).  Rule 12(b)(1) jurisdictional challenges usually present in two forms: facial attacks on the sufficiency of jurisdictional allegations or factual attacks on the accuracy of those allegations.  *Id.* at 655.  The current motion is a factual attack on the accuracy of Plaintiff's allegations because all parties rely on evidence outside of the Complaint.  For these circumstances, the Tenth Circuit has provided the following standard:

> A party may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends.  When reviewing a factual attack on subject matter jurisdiction, a district court may not presume the truthfulness of the complaint's factual allegations.  A court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1).

*Id.* at 655-56 (quoting *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995).

Here, Rule 12(b)(1) scrutiny is not applicable.  Defendants have attacked Plaintiff's properly pled jurisdictional allegation with an affidavit.  While Plaintiff maintains Defendant UKP's Motion to Dismiss is improper and should be denied based upon the allegations in Plaintiff's Complaint alone, at this time, Plaintiff has no other recourse than to respond to Defendant's motion with evidence outside the Complaint available to her without the benefit of discovery.  However, this Court has discretion to consider several factors and determine jurisdiction "after each side has had an opportunity to fully address the question."  *Romero*, 615 F.2d at 1312.  When a plaintiff confronts a motion to dismiss which turns on questions of fact, such as jurisdictional disputes, it is important that the Court provide the plaintiff with "the essential safeguards of summary judgment procedure."  *Dunn*, 181 F.R.D. at 656.  Therefore, Defendant's arguments and factual allegations, which are more appropriately addressed in a Rule 56 Summary Judgment motion, must be examined as though they were filed under Rule 56.

1. **A Rule 56 dismissal would not be appropriate on the facts currently before this Court because after all reasonable inferences are viewed in the light most favorable to Plaintiff, genuine issues of material fact remain as to whether the Defendants are an integrated enterprise and/or the joint employer of Plaintiff.**

The standard for summary judgment is remarkably stringent for good reason.  Summary judgment extinguishes a claim without affording a party its actual day in court, a fundamental right that should be cut off in only the clearest of cases.  Accordingly, the court must construe the facts in the light most favorable to the nonmoving party, here the Plaintiff, and credit to

10

Plaintiff's advantage every disputed factual point. *Piercy v. Maketa*, 480 F.3d 1192, 1197 (10th Cir. 2007); *Mickelson v. New York Life Ins. Co.*, 460 F.3d 1304, 1310 (10th Cir. 2006); *Plotke v. White*, 405 F.3d 1092, 1093-94 (10th Cir. 2005).  Moreover, the nonmoving party must receive the benefit of any reasonable inference that might be drawn from the record evidence.  *Piercy*, 480 F.3d at 1197; *Mickelson*, 460 F.3d at 1310; *Plotke*, 405 F.3d at 1093-94.

Here, the Rule 56 analysis requires a determination, for example, as to whether there is sufficient identity of interest between the entities named in the Charge of Discrimination and the entity seeking dismissal, UKP.  *Dunn*, 181 F.R.D. at 658.  If a sufficient identity exists between the entities, then Plaintiff's omission of UKP on her Charge does not result in dismissal of UKP.  *Romero*, 615 F.2d at 1312.

In a remarkably similar case, this Court overruled a defendant's motion to dismiss when the moving defendant's name was omitted from the charge of discrimination.  *Semchyshyn v. Univ. of Kansas*, No. 08-2627-KHV, 2009 WL 5170162 (D. Kan. Dec. 11, 2009) (Vratil, J.).  In *Semchyshyn*, the plaintiff omitted Kansas University Physicians, Inc. and the Hospital Authority from his EEOC charge, but included the entities in his Complaint.  *Id.* at *3.  As in this case, the defendants sought dismissal under Rule 12(b)(1) and also attacked the factual basis of subject matter jurisdiction with an affidavit.  *Id.* at *4.  The plaintiff countered with evidence available online showing that the parties were sufficiently interrelated, that they shared identity of interest, and therefore was not subject to administrative exhaustion.  *Id.*  Because the defendants' motion to dismiss turned on factual questions, the Court allowed the plaintiff "the opportunity to conduct limited discovery to determine the degree and scope of any employment relationship between [the parties]."  *Id.* at *5.

However, Plaintiff notes that the *Semchyshyn* Memorandum and Order was issued four years before KU Health System and UKP's public announcement of their intention to integrate and seven years before "the signs of clinical integration [began] taking hold."  (*See* Kansas City Business Journal article, Ex. D, p. 1.)  Therefore, the parties are now a fully integrated enterprise, and as a result, UKP's motion to dismiss should be denied in its entirety.

## V.   CONCLUSION

For all of the foregoing reasons, Plaintiff respectfully requests that Defendant The University of Kansas Physicians' Motion to Dismiss For Lack Of Subject Matter Jurisdiction be denied in its entirety, and that this matter proceed to a jury trial on the merits.  Alternatively, Plaintiff respectfully requests this Court to allow the parties to conduct discovery on this issue to determine the degree and scope of the employment relationship of UKP, KU Health System, and the Hospital Authority.  Finally, Plaintiff requests leave to amend to add KUPI to her Complaint.

Respectfully submitted,

**SIRO SMITH DICKSON PC**

By /s/ Rik N. Siro
    Rik N. Siro           KS FED #77812
    Eric W. Smith         KS #16539
    Athena M. Dickson     KS #21533
    Raymond A. Dake      KS  FED #78448
    Ryan P. McEnaney     MO #70235
    1621 Baltimore Avenue
    Kansas City, Missouri  64108
    816.471.4881 (Tel)
    816.471.4883 (Fax)
    rsiro@sirosmithdickson.com (email)
    esmith@sirosmithdickson.com (email)
    adickson@sirosmithdickson.com (email)
    rdake@sirosmithdickson.com (email)
    rmcenaney@sirosmithdickson.com (email)

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the above and foregoing was electronically filed with the Clerk of the Court using the CM/ECF filing system on August 2, 2018, which system sent notification of such filing electronically to the following counsel of record:

Eric E. Packel
Henry J. Thomas
POLSINELLI PC
900 West 48th Place, Suite 900
Kansas City, MO 64112
epackel@polsinelli.com
hthomas@polsinelli.com
**ATTORNEYS FOR DEFENDANT**
**UNVERSITY OF KANSAS HOSPITAL**
**AUTHORITY**


Tammy M. Somogye
LATHROP & GAGE LLP
10851 Mastin Blvd., Suite 1000
Overland Park, KS 66210
tsomogye@lathropgage.com

Brian N. Woolley
LATHROP & GAGE LLP
2345 Grand Blvd., Suite 2200
Kansas City, Missouri 64108
bwoolley@lathropgage.com
**ATTORNEYS FOR DEFENDANT THE**
**UNIVERSITY OF KANSAS PHYSICIANS**


  /s/  Rik N. Siro
ATTORNEY FOR PLAINTIFF