# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **JUDITH MORRIS WRIGHT,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 18-CV-02295-JWL-GLR |
| ) | |
| **UNIVERSITY OF KANSAS HOSPITAL** ) | |
| **AUTHORITY, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

### REPLY MEMORANDUM IN SUPPORT OF
### DEFENDANT THE UNIVERSITY OF KANSAS PHYSICIANS'
### MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

Plaintiff has not met her burden to show that jurisdiction is proper and that her age discrimination and retaliation claims against The University of Kansas Physicians ("UKP") should not be dismissed. *See Jensen v. Johnson County Youth Baseball League*, 838 F. Supp. 1437, 1439-40 (D. Kan. 1993). Contradictory legal conclusions suggesting that "Plaintiff was employed by [Defendants] as joint employers" and that "Defendants operate collectively as a single integrated enterprise" are insufficient to overcome the presumption against jurisdiction. (Complaint, Doc. 1 at ¶¶ 11, 12). *See id*; *Marcus v. Kansas Dep't of Revenue*, 170 F.3d 1305, 1309 (10th Cir. 1999); *Bristol v. Bd. of County Comm'rs*, 312 F.3d 1213, 1218 (10th Cir. 2002) (noting " the single-employer test asks whether two nominally separate entities should in fact be treated as an integrated enterprise, while the joint-employer test assumes that the alleged employers are separate entities."); *Hamilton v. Brad Sys.*, No. 04-2264-CM, 2006 U.S. Dist. LEXIS 64456 (D. Kan. Mar. 24, 2006) (applying two tests to determine subject matter jurisdiction over plaintiff's ADEA claims). Just as Plaintiff's assertion that she was the victim of age discrimination is not *proof* of such discrimination, Plaintiff's assertions that the named

Defendants are "joint employers" <u>and</u> "operate collectively as a single integrated enterprise" do not constitute *proof* that the legal standards for such contradictory conclusions have been met.

### A.   Plaintiff Has Not Alleged Any Facts to Suggest UKHA and UKP Are a Single Integrated Enterprise.

In response to the University of Kansas Hospital Authority's ("UKHA") admissions in its Answer that it employed Plaintiff since 1973 and at the time of the events at issue and the Affidavit of Jennifer Preston which establishes that UKP was first incorporated in 2014,[1] it has a *contractual* relationship with UKHA to provide physician services, it does not employ nurses, and it does not make decisions regarding UKHA's employment or termination of nurses (including Plaintiff), Plaintiff insists that UKP is somehow responsible for the end of her employment with UKHA, citing marketing materials for the Kansas University Health System concept[2] and a Kansas City Business Journal reporter's description of a healthcare delivery model.[3]  (*See* Doc. 10, ¶¶ 7, 16 and 23; Doc. 12, Exhibit 1, at ¶¶ 2–6).  Marketing materials and a reporter's description of a healthcare delivery model do not establish any of the factors required to demonstrate that all of the Defendants were a single integrated enterprise.

Significantly, the marketing materials and articles do not shed any light on the most important element of the "single integrated enterprise" standard – the control of labor operations,

---

[1] Plaintiff makes much ado about UKHA's Position Statement indicating that she "began employment with The University of Kansas Physicians on August 31, 1998."  Given that "The University of Kansas Physicians" was first incorporated in 2014, UKHA's statement cannot be referring to the defendant named in this lawsuit. (Doc. 12, Exhibit 1, at ¶ 2).  Moreover, UKP had nothing to do with UKHA's Position Statement because it did not even know a Charge had been filed until it was served with Plaintiff's lawsuit. (Doc. 12, Exhibit 1, at ¶ 7).

[2] "The University of Kansas Health System" is not a separate legal "entity" registered to do business with the Kansas Secretary of State.

[3] Plaintiff also attaches and misinterprets one of UKP's filings with the Kansas Secretary of State.  The Annual Report attached as Exhibit F to Plaintiff's Opposition identifies 13 individuals who comprise UKP's governing body, or Board of Directors.  The filing does not indicate that Mr. Page is the CEO of UKP; he is the CEO of UKHA.  It is not unusual for a CEO of one company to be on the Board of Directors of another company. Serving in the capacity as a Board Member does not make the individual the CEO of both companies.

*i.e.* "'which entity made the final decisions regarding employment matters relating to the person claiming discrimination.'"  *Bristol,* 312 F.3d at 1218 (quoting *Skidmore v. Precision Printing & Packaging, Inc.*, 188 F.3d 606, 617 (5th Cir. 1999)).  Neither do Plaintiff's unfounded and incorrect assertions that UKHA and UKP share a Human Resources Department and that Jennifer Preston is part of UKHA's Human Resources Department simply because she identifies "The University of Kansas Health System" healthcare delivery model on her LinkedIn profile.  Plaintiff simply has not alleged any <u>facts</u> to meet her burden and her request for discovery " to determine the degree and scope of the *employment relationship* of UKP, KU Health System and The Hospital Authority" is nonsensical.  (Opposition, at p. 12).  No amount of discovery – even if such discovery were limited to a proper scope – will change the fact that UKP did not make *any* decisions concerning the end of Plaintiff's employment with UKHA.  (Doc. 12, Exhibit 1, at ¶ 6).

      **B.**    **Plaintiff Has Not Alleged Any Facts to Suggest UKHA and UKP Are Joint Employers.**

Plaintiff spends very little time in her Opposition on the "joint employer" theory of liability, referring to that concept very generally in introductory and concluding sentences.  In order to satisfy this test, Plaintiff would have to allege and prove *facts* that support the conclusion that the UKHA and UKP "share or co-determine those matters governing the essential terms and conditions of employment … [or] whether both entities "exercise significant control over the same employees."  *Bristol*, 312 F.3d at1218 (citations omitted).  It is noteworthy that Plaintiff's Charge lists a litany of names, separated by "and/or".  (Doc. 1, Exhibit A).  Naturally, UKHA – one of the alternatively-named respondents and Plaintiff's actual and only employer – responded to the Charge.  (Doc. 14, Exhibit J, at p. 1).  UKHA's Position Statement clearly indicates it is being submitted on behalf of UKHA – not any of the other named

3

Respondents. (Doc. 14, Exhibit J. at p. 1). Further, UKHA's Position Statement, which refers to UKHA throughout, indicates, "Although **UKHA** had a legitimate business reason to terminate Wright's employment immediately upon discovering Wright lied during a fact-finding hearing and continued to impersonate physicians, **UKHA** provided Wright with an opportunity to accept a buyout and resign, which she did." (*Id.* at p. 7 (emphasis added)).

If Plaintiff believed she was employed by "The University of Kansas Health System" and "The University of Kansas Medical Center" and "Kansas University Physicians, Inc." and "KU Medical Center," it was incumbent upon her to investigate why only UKHA responded to the Charge (without reference to any of the other named Respondents). Given the circumstances, the importance of naming the correct entities in the Charge, and the potential consequences for failing to name the correct entities in the Charge, it was not prudent for Plaintiff to assume that UKHA was responding on behalf of other Respondents without a specific indication that that was the case. Nor was it prudent for Plaintiff to assume that she transposed words in the name of one of the Respondents and not take *any* action to correct her perceived error. This failure speaks volumes about her lack of concern and care to ensure the correct respondents were named. If Plaintiff truly wanted to pursue an ADEA claim against an entity with the name "The University of Kansas Physicians" she should have taken action to amend her Charge to name that entity. Instead, Plaintiff made assumptions and took a calculated risk that she would be able to sue named and unnamed entities in a subsequent lawsuit. Plaintiff cannot be permitted to bring a lawsuit against an unknown, un-named entity and in the face of dismissal request permission to conduct expensive discovery to rectify her failure to research at the Charge stage. Keeping UKP in this litigation under these circumstances defeats the entire purpose of exhausting administrative remedies and is an abuse of the system.

**C.    UKP Is Entitled To Dismissal.**

Plaintiff's conclusory allegations, marketing materials and newspaper articles do not establish that this Court has jurisdiction over UKP.  Further, Plaintiff's suggestion that the Court should exercise jurisdiction over her claims against UKP because she thinks she merely transposed words in one of the named Respondents rings especially hollow since Plaintiff did *no* investigation concerning the lack of response from any Respondent other than UKHA and did not take action to amend the Charge to correct the name or add another Respondent once she thought she made a mistake.  UKHA was the only entity that responded to Plaintiff's Charge because it actually employed Plaintiff; UKHA has also admitted to being Plaintiff's employer. Nothing can be gained by expanding the universe of defendants to include an entity not named in the Charge, especially when there is a definitive Affidavit establishing that that unnamed entity never employed Plaintiff and had nothing to do with any decisions concerning the end of Plaintiff's employment.  Accordingly, UKP respectfully requests this Court enter an Order dismissing it from this litigation for lack of jurisdiction.

Respectfully submitted:

LATHROP GAGE LLP

By:  */s/ Tammy M. Somogye*
Tammy M. Somogye – KS Bar #18210
10851 Mastin Boulevard, Suite 1000
Overland Park, Kansas  66210
Tel:  (913) 451-5100
Fax:   (913) 451-0875
Email:  tsomogye@lathropgage.com

>Brian N. Woolley – D. Kan. Bar #70007
>2345 Grand Boulevard, Suite 2200
>Kansas City, Missouri  64108
>Tel:  (816) 292-2000
>Fax:   (816) 292-2001
>Email:  bwoolley@lathropgage.com
>
>ATTORNEYS FOR DEFENDANT THE
>UNIVERSITY OF KANSAS PHYSICIANS

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of August, 2018, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system which will send a notice of electronic filing to the following counsel of record:

>Rik N. Siro
>Eric W. Smith
>Athena M. Dickson
>Raymond A. Dake
>Ryan P. McEnaney
>1621 Baltimore Avenue
>Kansas City, Missouri  64108
>rsiro@sirosmithdickson.com
>esmith@sirosmithdickson.com
>adickson@sirosmithdickson.com
>rdake@sirosmithdickson.com
>rmcenaney@sirosmithdickson.com
>
>*Attorneys for Plaintiff Judith Morris Wright*
>
>Eric E. Packel
>Henry J. Thomas
>900 W. 48th Place, Suite 900
>Kansas City, Missouri  64112
>epackel@polsinelli.com
>hthomas@polsinelli.com
>
>*Attorneys for Defendant University of Kansas Hospital Authority*

>    */s/ Tammy M. Somogye*
>    Attorney for Defendant
>    The University of Kansas Physicians