## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**JUDITH MORRIS WRIGHT,**

     **Plaintiff,**

     **v.**

**UNIVERSITY OF KANSAS HOSPITAL AUTHORITY, et al.,**

     **Defendants.**

**Case No. 2:18-cv-02295-HLT-KGG**

## ORDER

In this action, Plaintiff Judith Morris Wright alleges claims for age discrimination and retaliation in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621, *et seq.* Defendant The University of Kansas Physicians ("UKP") moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction, asserting that Plaintiff failed to exhaust her administrative remedies with respect to UKP. Doc. 12. Because the Tenth Circuit recently held that exhaustion is no longer a jurisdictional issue, the Court finds that it has jurisdiction over Plaintiff's claims against UKP and accordingly denies UKP's request for dismissal.[1]

## I.     BACKGROUND

Defendants University of Kansas Hospital Authority, The University of Kansas Health System, and UKP employed Plaintiff as a Specialty Nurse in Pediatric Rheumatology prior to her termination on June 30, 2017.[2] Doc. 1 ¶¶ 8-9, 14, 19. Following her termination, on August 29,

---

[1]  The Court further denies Plaintiff's passing request for leave to amend as noncompliant with District of Kansas Rule 15.1(a), and cautions the parties against making such unsupported requests in the future.

[2]  UKP disputes that it ever "employed" Plaintiff, arguing that Plaintiff was an employee of Defendant University of Kansas Hospital Authority only. Doc. 12-1 at 4.

2017, Plaintiff filed a Charge of Discrimination with the Kansas Human Rights Commission ("KHRC") and the Equal Employment Opportunity Commission ("EEOC"), alleging age discrimination and retaliation. Doc. 1-1. As respondents to her charge, Plaintiff named:

> The University of Kansas Health System, and/or University of Kansas Hospital Authority, and/or The University of Kansas Medical Center, Kansas University Physicians, Inc., and/or KU Medical Center, collectively referred to as UKHS.

*Id.* The EEOC issued Plaintiff a Notice of Right to Sue letter on March 7, 2018. Doc. 1-2. Plaintiff then filed this case on June 4, 2018. Doc. 1. Plaintiff asserts claims against Defendants for age discrimination and retaliation under the ADEA. *Id.* On July 12, 2018, UKP filed a motion to dismiss the complaint for lack of subject matter jurisdiction. Doc. 12.[3]

## II.   ANALYSIS

UKP moves to dismiss pursuant to Rule 12(b)(1), arguing that Plaintiff's failure to identify UKP as a respondent to her charge—Plaintiff instead names "Kansas University Physicians, Inc."—divests this Court of subject matter jurisdiction over Plaintiff's claims against UKP, mandating dismissal of her claims as to that entity. Doc. 12-1. UKP argues that "[t]he filing of a charge is a jurisdictional pre-requisite to the institution of a lawsuit under the ADEA," and that, "unless a plaintiff has satisfied the charge-filing requirements with respect to a defendant, there is no cause of action available under the ADEA and the court in which a putative claim is filed has no subject matter jurisdiction over that claim." *Id.* at 2-3 (citing *Shikles v. Sprint/United Mgmt. Co.*, 426 F.3d 1304, 1318 (10th Cir. 2005)). Plaintiff agrees that exhaustion of administrative remedies is a jurisdictional requirement, but argues she was exempt from exhausting her remedies

---

[3]   Defendants University of Kansas Hospital Authority and The University of Kansas Health System are not parties to this motion. Defendant University of Kansas Hospital Authority has filed an answer to the complaint. Doc. 10. To date, The University of Kansas Health System has yet to respond to the complaint.

with respect to each individual entity in this case, as the named parties share a "sufficient identity of interest." Doc. 14.

Subsequent to the briefing of UKP's motion to dismiss, however, the Tenth Circuit, in *Lincoln v. BNSF Railway Co.*, 900 F.3d 1166 (10th Cir. 2018), reversed nearly forty years of precedent in holding that a plaintiff's failure to exhaust his or her administrative remedies does <u>not</u> deprive a federal court of jurisdiction. 900 F.3d at 1181-86. In *Lincoln*, the district court granted summary judgment in favor of plaintiffs, holding (in part) that—because plaintiffs failed to exhaust their administrative remedies with respect to some of their claims—the court lacked subject matter jurisdiction over those claims. *Id.* at 1180. The Tenth Circuit reversed, bringing its precedent in line with the "overwhelming majority" of other circuits, which have held that administrative exhaustion is not a jurisdictional issue. *Id.* at 1185 n.10 (acknowledging similar holdings from the First, Second, Third, Fifth, Sixth, Seventh, Eighth, Eleventh, and D.C. Circuits). In so holding, the court unequivocally stated:

> [O]ur precedent that the filing of an EEOC charge is a jurisdictional prerequisite to suit is no longer correct . . .  [T]he full court now holds that <u>a plaintiff's failure to file an EEOC charge regarding a</u> <u>discrete employment incident merely permits the employer to raise</u> <u>an affirmative defense of failure to exhaust but does not bar a federal</u> <u>court from assuming jurisdiction over a claim.</u>

*Id.* at 1185 (emphasis added). The court expressly extended this holding to ADEA claims. *Id.* at 1185 n.10 ("[A] plaintiff's failure to exhaust administrative remedies before bringing a Title VII, ADA, or Age Discrimination in Employment Act claim does not deprive a federal court of jurisdiction over the claim.").

In accordance with *Lincoln*, therefore, this Court is not divested of jurisdiction over the claims against UKP due to Plaintiff's alleged failure to exhaust her administrative remedies against that entity. And, because the Tenth Circuit has held that exhaustion is not a jurisdictional

requirement, dismissal pursuant to Rule 12(b)(1) is inappropriate. Failure to exhaust, however, remains an available affirmative defense to Plaintiff's claims.

## III.     CONCLUSION

IT IS THEREFORE ORDERED BY THE COURT that UKP's Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. 12) is DENIED.

IT IS SO ORDERED.

Dated: October 1, 2018

/s/ *Holly L. Teeter*
HOLLY L. TEETER
UNITED STATES DISTRICT JUDGE